Prob 12B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
## WITH CONSENT OF THE OFFENDER

*(Probation Form 49, Waiver of Hearing, is on file)*

| | |
|---|---|
| **Offender Name:** | William Roland BRADFORD |
| **Docket Number:** | 2:02CR00106-01 |
| **Offender Address:** | South Lake Tahoe, California |
| **Judicial Officer:** | Honorable William B. Shubb<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 07/03/2002 |
| **Original Offense:** | 18 USC 1705 - Destruction of Mail<br>(CLASS E FELONY) |
| **Original Sentence:** | 3 years Probation; $500 fine; $100 special assessment |
| **Special Conditions:** | Warrantless search; Financial restrictions and disclosure; Abstain from the use of alcoholic beverages and not frequent places where alcohol is the chief item of sale; Mental health treatment; Reside and participate in a residential community corrections center for a period of 6 months |
| **Type of Supervision:** | Probation |
| **Supervision Commenced:** | 07/03/2002 |
| **Assistant U.S. Attorney:** | James P. Arguelles    **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | Loren Graham<br>(Retained)    **Telephone:** (775) 588-5138 |
| **Other Court Action:** | None |

Rev. 04/2005
PROB12B.MRG

**RE:   William Roland BRADFORD**
       **Docket Number:  2:02CR00106-01**
       **PETITION TO MODIFY THE CONDITIONS OR TERM**
       **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

---

### PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

1. To extend the term of Probation an additional year, for a total term of 4 years, pursuant to 18 USC 3563(c).

2. The probationer shall comply with the conditions of home detention for a period of 90 consecutive days to commence when directed by the probation officer.  During this time, the probationer will remain at place of residence except for employment and other activities approved in advance by the defendant's probation officer.  The probationer will maintain telephone service at his place of residence without an answering device, call forwarding, a modem, caller ID, call waiting, or a cordless telephone for the above period.

   At the discretion of the probation officer, the probationer shall wear an electronic monitoring device and follow electronic monitoring procedures as specified by the probation officer.  The probationer shall pay the cost of electronic monitoring as determined by the probation officer.

Rev. 04/2005
PROB12B.MRG

**RE:   William Roland BRADFORD**
     **Docket Number:  2:02CR00106-01**
     <u>**PETITION TO MODIFY THE CONDITIONS OR TERM**</u>
     <u>**OF SUPERVISION WITH CONSENT OF THE OFFENDER**</u>

**Justification:**   On May 15, 2005, the probationer drove his motor vehicle with a blood alcohol level of .14 percent, in violation of his standard condition to obey all laws, and in violation of his special condition to abstain from the consumption of alcohol.

According to South Lake Tahoe Police Department Report Number 0505-1139, a police officer observed the probationer driving erratically, and subsequently effected a vehicle stop.  The officer noticed the probationer had a strong odor of an alcoholic beverage emitting from his breath and person.  His eyes were bloodshot and watery, and he had difficulty performing simple tasks such as retrieving his license, registration, and insurance.  The probationer submitted to a field sobriety test, and the results were indicative of someone under the influence of an alcoholic beverage.  The probationer submitted to a breath test and his blood alcohol level was determined to be .14 percent.  The probationer later refused to submit to a blood draw as required by law.  Thereafter, he was arrested and booked in the county jail.  On June 6, 2005, a two-count criminal complaint was filed in El Dorado County Superior Court alleging Driving Under the Influence of Alcohol (DUI), along with a special allegation charging a prior conviction for DUI.  The probationer is scheduled to appear in State Court on July 15, 2005.

Mr. Bradford immediately called the probation office and reported he had been arrested for driving under the influence of alcohol, thereby violating his conditions of supervision. Mr. Bradford expressed remorse and regret, indicating he had a fight with his girlfriend after she "flirted" with another man, and he subsequently got drunk and drove his car. Mr. Bradford expressed disappointment in jeopardizing his sobriety of the last three years and for violating the law.

**RE:   William Roland BRADFORD**
**Docket Number:  2:02CR00106-01**
**PETITION TO MODIFY THE CONDITIONS OR TERM**
**OF SUPERVISION WITH CONSENT OF THE OFFENDER**

Mr. Bradford's new law violation and consumption of alcohol is considered a serious violation of his Probation, as it is the second time in almost four years that he has driven under the influence of alcohol.  Further, the conduct in this new arrest is closely related to the nature of his underlying offense. This underlying offense involved the probationer setting fire to a local mailbox in order to destroy a blood sample taken from him following a DUI arrest.  Due to the seriousness of this violation, consideration was given to recommending the Court issue a summons for the probationer's appearance in court, and ultimately recommending that his Probation be revoked.

However, prior to Mr. Bradford's arrest, he demonstrated an excellent adjustment to supervision. He had maintained employment, routinely tested negative for the use of illegal drugs or alcohol, and was cooperative and compliant with his conditions of supervision and directives given to him by the probation officer.  He has paid his special assessment and fine in full, and completed his 6-month community corrections center commitment.  On the day of Mr. Bradford's arrest, he was 49 days from terminating from his term of supervision.  It is believed Mr. Bradford is amenable to further supervision and would benefit from services available in the community.  Therefore, sanctions for the probationer's conduct other than revocation are being pursued.

Mr. Bradford has agreed to a one-year extension of his term of Probation, and to comply with conditions of home detention with electronic monitoring for a period of 90 days. Further, he is attending Alcoholics Anonymous meetings four times a week and is obtaining a sponsor to assist him in remaining sober.  In addition, upon conviction in State Court, it is anticipated the probationer will suffer additional sanctions, which most likely will include jail time, fines, suspension and/or restrictions of his driver's license, and a DUI Driving Program.

**RE:   William Roland BRADFORD**
       **Docket Number:  2:02CR00106-01**
       **PETITION TO MODIFY THE CONDITIONS OR TERM**
       **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

It is believed the above-mentioned sanctions will adequately punish the probationer for his behavior and hopefully deter him from future criminal conduct.

The probationer has signed the Prob 49 - Waiver of Hearing to Modify Conditions.

Respectfully submitted,

*/s/ Lori V. Clanton*

**LORI V. CLANTON**
**Senior United States Probation Officer**
Telephone:  (916) 786-5271

**DATED:**   June 23, 2005
             Roseville, California
             lvc:cd

**REVIEWED BY:**      /s/ Richard A. Ertola
                     **RICHARD A. ERTOLA**
                     **Supervising United States Probation Officer**

**RE:    William Roland BRADFORD**
**Docket Number:  2:02CR00106-01**
**PETITION TO MODIFY THE CONDITIONS OR TERM**
**OF SUPERVISION WITH CONSENT OF THE OFFENDER**

---

**THE COURT ORDERS:**

( X )   Modification approved as recommended.

Date: June 27, 2005

/s/ William B. Shubb
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

cc:    United States Probation
       James P. Arguelles, Assistant United States Attorney
       Loren Graham, Retained Defense Attorney
       Defendant
       Court File

Attachment:   Presentence Report (Sacramento only)